COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-348-CR

NICHOLAS WILLIAM JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After waiving a jury and entering an open plea of guilty, appellant Nicholas William Johnson appeals his conviction and ten-year sentence for robbery.  We affirm.   

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  We gave appellant the opportunity to file a pro se brief, and he has not filed one.  The State also has not filed a brief.

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4) 

We have carefully reviewed the record and counsel’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.
(footnote: 5)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.  

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2009

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967)
.

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

5:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
see also Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).